RECEIVED

OCT 1 0 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| OCEANEERING INTERNATIONAL, INC, | CIVIL ACTION NO. 05-0258 |
| VS. | JUDGE HAIK |
| GRI SIMULATIONS, INC. | MAGISTRATE JUDGE METHVIN |

## RULING ON SECOND MOTION TO COMPEL
*(Rec. Doc. 61)*

Before the undersigned magistrate judge is the Second Motion to Compel Production of Documents and for Sanctions filed by plaintiff, Oceaneering International, Inc. ("Oceaneering"), on September 22, 2006. Defendant, GRI Simulations, Inc. ("GRI") opposes the motion.

On April 12, 2006, Oceaneering propounded a second set of requests for production of documents propounded on GRI. GRI did not respond to the discovery and Oceaneering filed a motion to compel.[1] GRI did not oppose the motion. On August 15, 2006, the undersigned granted the motion and ordered that, "GRI shall provide full and complete responses to Oceaneering's second set of requests for production of documents within seven days of the date of this order."[2] On August 22, 2006, GRI served Oceaneering with its responses to the discovery, without raising any objections to specific requests for production of documents.[3] On September 6, 2006, counsel for Oceaneering wrote to counsel for GRI noting:

> RFP No. 10 sought "All documents which refer to (a) Oceaneering; . . . (c) this Litigation; 9(d) Pro-Dive Oceaneering Company; (e) the VSIS System." Several

---

[1] Rec. Doc. 43.

[2] Rec. Doc. 53.

[3] Rec. Doc. 61, Exhibit "D".

other RFP's in this set of RFP's seek documents pertaining to subjects about which (1) a litigant would correspond with its counsel and/or (2) litigation counsel would prepare documents.[4]

Noting that documents responsive to these requests were not produced, Oceaneering requested production or a telephone conference to attempt to resolve the dispute prior to the filing of a second motion to compel. On September 20, 2006, counsel for GRI and Oceaneering conferred, with GRI refusing to produce the documents, arguing that they were privileged.[5]

Oceaneering filed the instant motion arguing that GRI's objections to the discovery were waived by its failure to timely object, and that the undersigned's August 15th Ruling ordered GRI to provide "full and complete responses." GRI argues that it was not required to raise objections based on privilege in response to the second set of requests for production of documents because the requests did not specifically state that privileged documents were sought. GRI maintains that it was not until counsel for Oceaneering's September 6th letter, wherein he specifically states that he is seeking information from GRI's attorneys, that the obligation to raise objections rose.

The request for production of documents specifically requests information concerning litigation, including "documents which evidence when GRI first anticipated being in litigation with Oceaneering."[6] GRI did not object to the requests. Fed. R. Civ. Proc. Rule 26(b)(5) provides that a party claiming privilege must assert the objection based on privilege with specificity. Moreover, absent extension or good cause, failure to timely respond to interrogatories, production requests, or other discovery efforts generally constitutes a waiver of

---

[4] Rec. Doc. 61, Exhibit "C" attachment "1".

[5] Rec. Doc. 61, Exhibit "C" attachment "2".

[6] Rec. Doc. 61, Exhibit "D" p. 13 (Request No. 30).

any objections thereto. *See* Rule 33(b)(4); In re United States, 864 F.2d 1153, 1155 (5th Cir. 1989). GRI did not establish good cause for the failure to timely object to the discovery. GRI's assertion that the second set of requests for production of documents did not request privileged information, and therefore there was no reason to object until Oceaneering contacted counsel a re-iterated specific requests for privileged documents is contradicted by the requests themselves, which specifically address information concerning litigation. Additionally, the information sought is relevant to the instant litigation. Accordingly, GRI's failure to timely object or to provide good cause for its failure to do so, results in the objections to the discovery being waived.

Oceaneering requests that the court grant attorney's fees incurred in bringing the second motion to compel. Rule 37(a)(4) provides that when a motion to compel "is granted or if the disclosure or requested discovery is provided after the motion was filed" the court shall award attorney's fees and expenses to the prevailing party unless the court finds that the opposing party's nondisclosure was substantially justified. The undersigned finds that GRI's refusal to provide answers to the discovery was not substantially justified. Accordingly, I find that GRI's failure to timely and adequately respond to the discovery necessitated the present motion to compel, and therefore, an award of sanctions pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure is appropriate.

**IT IS THEREFORE ORDERED** that the Second Motion to Compel Production of Documents is **GRANTED**. GRI shall supplement its responses to Oceaneering's second set of requests for production of documents, including all documents previously withheld, **within seven days of the date of this order.**

smb: T:\Mimi-CGG\050258.Oceaneering.Rul.Second.mtcmpl.wpd10/5/06

4

**IT IS FURTHER ORDERED** that, pursuant to F.R.Civ.P. 37(a)(4), GRI shall pay the attorney's fees and costs incurred in connection with the filing and prosecution of the instant motion to compel. Counsel for Oceaneering shall file an affidavit of fees and costs into the record **on or before October 30, 2006** in order to assist the court in the assessment of a reasonable fees and costs award. The affidavit(s) shall contain: (1) The customary hourly rate of each attorney and paralegal involved; (2) a detailed description of each task completed, and a statement of the amount of time expended upon each task; and (3) an itemized list of expenses incurred. Failure to file the affidavit in the form required and/or within the deadline imposed will render the award null and void. **Objections to the affidavit shall be filed on or before November 14, 2006.**

The Clerk of Court shall notice any affidavit filed for consideration on the undersigned's November 2006 motion calendar, without oral argument, as an "assessment of Rule 37(a)(4) fees and expenses."

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all counsel of record.

**IT IS FURTHER ORDERED** that the Clerk shall remove the motion to compel from the undersigned's October 18, 2006 motion calendar.

Signed at Lafayette, Louisiana on October 10, 2006.

COPY SENT:
DATE: 10/10/06
BY: Cw
TO: (Catt)
Kraft
Maze  } via fax
Mier
Redano

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

smb: T:\Mimi-CGG\050258.Oceaneering.Rul.Second.mtcmpl.wpd10/5/06