UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **OCEANEERING INTERNATIONAL, INC,** | **CIVIL ACTION NO. 05-0258** |
| VS. | JUDGE HAIK |
| **GRI SIMULATIONS, INC.** | MAGISTRATE JUDGE METHVIN |

## RULING ON AMOUNT OF RULE 37(d) SANCTIONS

On October 10, 2006, the undersigned granted the second motion to compel filed by plaintiff Oceaneering International, Inc. ("Oceaneering") and awarded sanctions pursuant to Fed. R. Civ. P. 37 (a)(4).[1] On October 30, 2006, Oceaneering's counsel filed an Affidavit of Fees and Expenses.[2] Defendant GRI Simulations, Inc. ("GRI") filed an opposition.[3]

Oceaneering seeks an award of $1,217.12, representing $1,120.00 in legal fees and $97.12 in expenses. Plaintiff requests an hourly rate of $175.00 for attorney Richard T. Redano, who spent 6.4 hours in connection with preparing the motion to compel.

Rule 37(a)(4) FED. R. CIV. P. provides that when a motion to compel is granted the court shall require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, including reasonable attorneys' fee. Reasonable attorneys' fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The calculation of reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended. League of United

---

[1] Rec. Doc. 65.

[2] Rec. Doc. 66.

[3] Rec. Doc. 68.

2

Latin American Citizens #4552 (LULAC) v. Rosco Independent Sch. Dist., 119 F. 3d 1228, 1232 (1997). A reasonable hourly billing rate is based on the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984).

GRI contends that fees and costs should be in line with those previously awarded, and should total no more than $900.00.

The undersigned notes that the underlying discovery dispute involved only the issue of whether defendant waived objections to discovery by not timely asserting those objections. The issue was not complicated and did not require substantial legal research. Plaintiff's brief was not lengthy.

Considering the affidavit and briefs of the parties, and the applicable law, the undersigned concludes that an award of $972.12 will reasonably compensate plaintiff for the fees and costs incurred. This amount includes $875 in fees (5 hours of time at an hourly rate of $175.00) and $97.12 in expenses.

**IT IS THEREFORE ORDERED** that defendant shall forward payment to plaintiff's counsel of record the sum of $972.12 within thirty (30) days following receipt of this order.

Signed at Lafayette, Louisiana, on November 22, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)