RECEIVED

FEB 0 5 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| OCEANEERING INTERNATIONAL, INC, | CIVIL ACTION NO. 05-0258 |
| VS. | JUDGE HAIK |
| GRI SIMULATIONS, INC. | MAGISTRATE JUDGE METHVIN |

### RULING ON JOINT REQUEST
### FOR INTERPRETATION OF COURT ORDER
*(Rec. Doc. 74)*

Before the court is the Joint Request for Interpretation of the Court's October 10, 2006 Order Compelling Document Production filed by plaintiff Oceaneering International, Inc. ("Oceaneering") and defendant GRI Simulations, Inc. ("GRI") on January 19, 2007. The parties seek a clarification regarding the undersigned's order granting Oceaneering's Second Motion to Compel Production of Documents.

On April 12, 2006, Oceaneering propounded a second set of requests for production of documents propounded on GRI, to which GRI did not respond. Oceaneering filed its first motion to compel, which was unopposed. On August 15, 2006, the undersigned granted Oceaneering's motion to compel, ordering full and complete responses to the second set of requests for production of documents.[1] Subsequently, GRI responded to the discovery without raising any objections to specific requests for production of documents, and without providing responsive documents to Request Nos. 10 and 22.[2] On September 20, 2006, counsel for GRI and Oceaneering conferred, with GRI refusing to produce the documents, arguing that they were

---

[1] Rec. Doc. 53.

[2] Rec. Doc. 61, Exhibits "C" attachment 1 and "D".

smb: C:\wpdocs\cgg\acivil\2005\050258.Oceaneering.Rul.Interpretation.wpd2/5/07

privileged.[3] Oceaneering, therefore, filed a second motion to compel.[4] GRI opposed the motion, arguing that the information sought was privileged.

On October 10, 2006, the undersigned issued a ruling concluding that GRI had waived all objections to the discovery by failing to raise the objections in a timely manner:

> ... [T]he information sought is relevant to the instant litigation. Accordingly, GRI's failure to timely object or to provide good cause for its failure to do so, results in the objections to the discovery being waived.
>
> \*\*\*
>
> **IT IS THEREFORE ORDERED** that the Second Motion to Compel Production of Documents is **GRANTED**. GRI shall supplement its responses to Oceaneering's second set of requests for production of documents, including all documents previously withheld, within seven days of the date of this order.[5]

In the instant motion, GRI asserts that it possesses invoices from law firms that are responsive to the second set of requests for production of documents, however, GRI has not produced the invoices because it has produced other documents in response to the undersigned's Order. Oceaneering submits that the undersigned's order required production of all responsive documents. GRI states:

> GRI contends that the Court's October 10, 2006 Order does not require it to produce invoices referring to subjects recited in Oceaneering's Second Set Of Requests For Production to the extent that the information contained in said invoices is duplicative of information contained in documents already produced by GRI in response to Oceaneering's Second Set Of Requests For Production.[6]

---

[3] Rec. Doc. 61, Exhibit "C" attachment "2".

[4] Rec. Doc. 61.

[5] Rec. Doc. 65. Emphasis omitted.

[6] Rec. Doc. 74 at p. 2.

The parties therefore request:

...[T]hat the Court rule upon whether invoices in the possession, custody or control of GRI that refer to subjects recited in Oceaneering's Second Set Of Requests For Production are encompassed by the Court's October 10, 2006 Order.[7]

The basis for GRI's confusion regarding this ruling is unclear. The October 10, 2006 Ruling on Second Motion to Compel clearly and unequivocally found that GRI had waived all objections to Oceaneering's second set of requests for production of documents and GRI was required to produce "all documents previously withheld." GRI was ordered to produce every responsive document, regardless of objection, which includes objections based upon the duplicative nature of the documents. Thus, GRI is, just as it was on October 10, 2006, required to produce all documents responsive to the second set of requests for production of documents, including any and all documents withheld, regardless of privilege, duplicity, or any other objection.

The undersigned notes that this is the third motion in which the court has to order GRI to do what it is clearly required to do. <u>Counsel for GRI is therefore warned that failure to fully comply with court discovery rulings will result in sanctions, including possible contempt proceedings.</u>

Accordingly,

**IT IS ORDERED** that the Joint Request for Interpretation of the Court's October 10, 2006 Order Compelling Document Production is **GRANTED** and that GRI shall produce all documents responsive to Oceaneering's second set of requests for production of documents,

---

[7] Rec. Doc. 74 at p. 2.

including all documents withheld, within five days of the date of this order.

Signed at Lafayette, Louisiana on __February 5__, 2007.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 2/5/07
BY: CW
TO: mem
Gatz
Kraft
Maze  } via fax
Mier
Redano