# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **OCEANEERING INTERNATIONAL, INC,** | **CIVIL ACTION NO. 05-0258** |
| **VS.** | **JUDGE HAIK** |
| **GRI SIMULATIONS, INC.** | **MAGISTRATE JUDGE METHVIN** |

### *RULING ON MOTION FOR RECONSIDERATION AND MOTION FOR SANCTIONS*
*(Rec. Docs. 83 and 84)*

Before the court are two motions: 1) the Motion Requesting Reconsideration of and, in the Alternative, Temporary Relief from Magistrate Methvin's Discovery Order filed by defendant GRI Simulations, Inc. ("GRI"); and 2) the Motion for Rule 37(b)(2) Sanctions Against Defendant filed by plaintiff Oceaneering International, Inc. ("Oceaneering"). The motions are opposed.

### *Background*

On April 12, 2006, Oceaneering propounded a second set of requests for production of documents propounded on GRI, to which GRI did not respond. Oceaneering filed its first motion to compel, which was unopposed. On August 15, 2006, the undersigned granted Oceaneering's motion to compel, ordering full and complete responses to the second set of requests for production of documents.[1] The undersigned also granted Oceaneering's request for attorney's fees pursuant to Fed. R. Civ. P. Rule 37(d). On September 19, 2006, GRI was ordered to pay $850.00 in attorney's fees and costs.[2]

---

[1] Rec. Doc. 53.

[2] Rec. Doc. 60.

2

GRI thereafter responded to the discovery without raising any objections to specific requests for production of documents, and without providing responsive documents to Request Nos. 10 and 22.[3] On September 20, 2006, counsel for GRI and Oceaneering conferred, with GRI refusing to produce the documents, arguing that they were privileged.[4]

Oceaneering, therefore, filed a second motion to compel.[5] GRI opposed the motion, arguing that the information sought was privileged. On October 10, 2006, the undersigned issued a ruling concluding that GRI had waived all objections to the discovery by failing to raise the objections in a timely manner:

> ... [T]he information sought is relevant to the instant litigation. Accordingly, GRI's failure to timely object or to provide good cause for its failure to do so, results in the objections to the discovery being waived.
>
> ***
>
> **IT IS THEREFORE ORDERED** that the Second Motion to Compel Production of Documents is **GRANTED**. GRI shall supplement its responses to Oceaneering's second set of requests for production of documents, including all documents previously withheld, within seven days of the date of this order.[6]

Additionally, the undersigned granted Oceaneering's request for attorney's fees. On November 22, 2006, GRI was ordered to pay $972.12 in attorney's fees and costs.[7]

---

[3] Rec. Doc. 61, Exhibits "C" attachment 1 and "D".

[4] Rec. Doc. 61, Exhibit "C" attachment "2".

[5] Rec. Doc. 61.

[6] Rec. Doc. 65. Emphasis omitted.

[7] Rec. Doc. 69.

3

On January 19, 2007, the parties filed a motion seeking an interpretation of the undersigned's October 10, 2006 order compelling production of documents.[8] GRI asserted that it possessed invoices from law firms that are responsive to the second set of requests for production of documents, but did not produce the invoices because it had produced other documents in response to the undersigned's Order:

> GRI contends that the Court's October 10, 2006 Order does not require it to produce invoices referring to subjects recited in Oceaneering's Second Set Of Requests For Production to the extent that the information contained in said invoices is duplicative of information contained in documents already produced by GRI in response to Oceaneering's Second Set Of Requests For Production.[9]

The undersigned noted that the basis for GRI's confusion regarding the ruling was unclear.[10] The Ruling on Joint Request for Interpretation of Court Order noted:

> The October 10, 2006 Ruling on Second Motion to Compel clearly and unequivocally found that GRI had waived all objections to Oceaneering's second set of requests for production of documents and GRI was required to produce "all documents previously withheld." GRI was ordered to produce every responsive document, regardless of objection, which includes objections based upon the duplicative nature of the documents. Thus, GRI is, just as it was on October 10, 2006, required to produce all documents responsive to the second set of requests for production of documents, including any and all documents withheld, regardless of privilege, duplicity, or any other objection.
>
> The undersigned notes that this is the third motion in which the court has to order GRI to do what it is clearly required to do. <u>Counsel for GRI is therefore warned that failure to fully comply with court discovery rulings will result in sanctions, including possible contempt proceedings.</u>[11]

---

[8] Rec. Doc. 74.

[9] Rec. Doc. 74 at p. 2.

[10] Rec. Doc. 77.

[11] Rec. Doc. 77.

4

On March 10, 2007, GRI filed the instant motion seeking reconsideration of the undersigned's order requiring it to produce complete responses to the second set of requests for production of documents. Oceaneering filed a motion seeking sanctions deeming certain facts as established and awarding reasonable attorney's fees for GRI's continued failure to produce adequate discovery responses.

## I.     **GRI's Motion for Reconsideration**

GRI requests that the undersigned reconsider the August 15, 2006 ruling which granted Oceaneering's unopposed motion to compel and ordered full and complete responses to the second set of requests for production of documents.[12] GRI argues that production of the requested information is overly burdensome because it necessitates review of documents that are stored in computers and boxes that are no longer located in GRI's offices and because many of the documents are subject to confidentiality agreements between GRI and its customers. GRI argues that review of the documents is time-consuming and costly for GRI.

A review of the motion shows that GRI's arguments are directed at establishing objections to the second set of requests for production of documents. All of the information provided in the motion was readily available to GRI at the time of the undersigned's ruling. GRI simply failed to provide such information at that time. Moreover, upon receipt of the ruling, GRI did not appeal the ruling to the district judge pursuant to Fed. R. Civ. Proc. Rule 72, nor has GRI established that the undersigned's ruling was contrary to law. Additionally, GRI did not seek reconsideration by the undersigned at that time, but instead waited over six months to file the motion for reconsideration. Although the Federal Rules of Civil Procedure do not formally

---

[12] Rec. Doc. 53.

5

recognize a motion to reconsider, courts generally analyze these motions using Rule 59(e), which requires the motion to be filed within ten days of the ruling at issue.[13] The same time delay is allowed in filing an appeal to the district judge under Rule 72. GRI fails to explain the delay in filing the motion for reconsideration based on information available at the time of the ruling.

Moreover, the information provided by GRI in the motion for reconsideration does not establish cause for allowing the dilatory objection based on the burdensome nature of the requests. Although GRI asserts that production of the documents is burdensome, it has not provided any evidence of same. This is the fourth time the undersigned has been faced with the same issue, i.e., GRI's failure to respond to Oceaneering's second set of requests for production of documents. Each time the issue is revisited, GRI has offered a different reason for its failure to produce the documents in question. As in the past instances, GRI's motion for reconsideration is not only untimely, but unpersuasive.

GRI also requests additional time to produce the requested documents. Considering that request, the undersigned concludes that GRI should have until April 24, 2007 to complete the production of documents.

Thus, the motion for reconsideration is **GRANTED** insofar as it requests an extension of time to produce the requested documents, however, the motion is **DENIED** to the extent that it requests relief from the undersigned's August 15, 2006 order requiring complete responses to Oceaneering's second set of requests for production of documents.

## II.     Oceaneering's Motion for Sanctions

---

[13]Rule 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e)

6

Oceaneering requests that the court sanction GRI pursuant to Rule 37(b)(2)(A) for its repeated failure to adequately respond to Oceaneering's discovery requests. Oceaneering argues that GRI "remains steadfast in its demonstrated pattern of discovery abuse" and therefore the court should sanction GRI by deeming facts that relate to the Second Set of Request for Production of Documents Request No. 23 as established. GRI opposes the motion, arguing that it has continually provided information to Oceaneering, but that Oceaneering requests additional information after each production.

"Rule 37(b)(2) authorizes courts to appropriately respond to and deal with parties which have disobeyed discovery orders." Chilcutt v. U.S., 4 F.3d 1313, *1319 -1320 (5th Cir. 1993). The court has broad discretion in determining whether sanctions are applicable.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure states in pertinent part:

. . . if a party fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\*\*\*

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order...

The undersigned notes that GRI has only provided information reluctantly and as the result of repeated court orders. However, the undersigned has provided GRI with additional time to respond to the undersigned's order requiring complete responses to the outstanding discovery. GRI has until April 24, 2007 to complete the production of documents requested. This is GRI's last opportunity to avoid sanctions under Rule 37(b)(2)(A) and the court's inherent authority to manage its caseload.

7

The motion for Rule 37(B)(2) sanctions is **DENIED** as premature.

The Clerk shall remove the instant motions from the undersigned's April 25, 2007 motion calendar.

Signed at Lafayette, Louisiana, on April 11, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)